### FRED. H. PENDLETON *v.* CHARLES R. JONES.

*Contract, construction of.*

1. The construction of a contract does not depend upon what either party *understood* but upon what both *agreed.*
2. Where the terms of a parol contract are in dispute, the jury ascertains them as a question of fact, and the court determines the legal effect.

(*Young* v. *Jeffreys,* 4 Dev. & Bat , 216 ; *Isley* v. *Stewart, Id.*, 160 ; *Brunhild* v. *Freeman,* 77 N. C., 128, cited and approved.)

CIVIL ACTION tried at August Special Term, 1879, of IREDELL Superior Court, before *Gudger, J.*

This action was brought to recover damages for an alleged breach of contract. Verdict and judgment for the plaintiff, and appeal by defendant.

*Mr. J. M. McCorkle,* for plaintiff.
*Messrs. Reade, Busbee & Busbee,* for defendant.

SMITH, C. J. The plaintiff sold to the defendant, Jones, his share and interest in the printing press, type and appurtenances of the *Charlotte Observer,* jointly owned by them, and received in part payment therefor, several notes of the

defendant Murchison. The notes were given for property purchased by him of Jones and Pendleton, and were drawn payable to the plaintiff. At the time of their delivery the plaintiff alleges that his copartner agreed to secure the notes by procuring a mortgage on the property sold to Murchison, and that by reason of his failure to do so, the notes had become worthless and were lost to the plaintiff. The object of the action is to recover damages for this breach of the contract.

The defendant, Jones, who alone answers the complaint, denies that he entered into any such agreement, and says that he simply proposed to use his friendly offices in obtaining the additional security, and that Murchison did give such mortgage which had become ineffectual in consequence of the plaintiff's neglect to have it registered before another assignment was made.

The controversy was as to the existence and terms of the alleged contract, and the only exception presented in the appeal is to the instruction refused and that given to the jury upon the following issue :

Was it a part of the contract that Charles R. Jones was to procure a mortgage from A. K. Murchison to secure the payment of the notes declared on ? to which the jury responded in the affirmative.

The parties were examined, each on his own behalf, and the discrepancy in their testimony is the basis of the instruction asked and refused and of that given. The defendant's counsel asked His Honor to charge " that if the jury believe from all the testimony that the plaintiff, at the time of the contract, understood the contract to be that Jones agreed to procure the mortgage from Murchison, and the defendant Jones understood the contract otherwise, they should find the first issue for the defendant."

This was refused, and the jury were instructed " that a contract was the agreement of two minds, and they must be

satisfied that both the plaintiff and the defendant agreed to the contract for the procurement of the mortgage from Murchison; that if the plaintiff agreed to it, but the defendant did not, it would be no contract, and they should find the first issue for the defendant."

The instruction asked was calculated to mislead, by substituting as a test of liability the defendant's impressions as to the force and effect of his contract, for the contract itself. The proper inquiry is, what are the terms of the agreement mutually entered into, and when these are ascertained, its obligatory effect is determined by the law, and does not depend upon the uncertain and undisclosed notions in the heart of either. If it did, no contract, however clear and distinct in his provisions, could be enforced against an unexpressed misapprehension as to its operation in the mind of either one. The intention is ascertained by finding out what the contract is, and then the law affixes its meaning. *Young* v. *Jeffries*, 4 Dev. & Bat., 216. When the dispute is as to the contract itself, it must be left to the jury to determine its provisions under the advice of the court. *Isley* v. *Stewart, Ibid.*, 160.

The rule laid down by His Honor is in accordance with that contained in the instruction given and approved in *Brunhild* v. *Freeman*, 77 N. C., 128. In that case there was a similar dispute as to the terms of a contract attending the transfer of certain notes, and the court was requested to charge that " the question was not what the plaintiff thought, but what the defendant thought; and that if the defendant did not intend to assume the payment of the four hundred dollars save upon a delivery to him of the eight notes, the plaintiff could not recover." This was declined, and the jury directed " that it was not what either thought, but what both agreed" that constituted the contract between them. That case is not distinguishable from the one before us, and the criticism upon the words *thinking* and *understand-*

*ing* is unavailing to affect the application of the principle. In our opinion the law was properly laid down, and it must be declared there is no error.

No error.                                        Affirmed.