D. M. PRINCE v. PETER McRAE, Adm'r.

*Contract—Implied Promise.*

Where the plaintiff physician made no charge upon his books for professional services rendered the defendant who resisted an action to recover their value upon the ground they were intended to be and were gratuitons, and the jury found that defendant employed the plaintiff whose services were rendered without any express agreement to pay a definite sum; *Held*, that the law implies a promise on the part of the defendant to pay what they were reasonably worth.

(*Brunhild* v. *Freeman*, 77 N. C., 128; *Pendleton* v. *Jones*, 82 N. C., 249, cited and approved.)

CIVIL ACTION commenced before a justice of the peace and tried on appeal at Fall Term, 1880, of RICHMOND Superior Court, before *Avery, J.*

Verdict and judgment for plaintiff, appeal by defendant.

*Messrs. Burwell & Walker*, for plaintiff.
*Messrs. Jno. D. Shaw* and *W. A. Guthrie*, for defendant.

SMITH, C. J. The action is to recover for professional services rendered by the plaintiff, a physician, to the defendant's intestate, which is resisted on the ground that they were intended to be and were gratuitous.

The plaintiff admitted that he had made no entry of a charge upon his books; and the defendant testified that at the administration sale the plaintiff bought a horse and proposed to pay for him from his account, remarking that he had not intended to charge the intestate, but that seeing others present their accounts, he concluded to present his own.

The defendant's counsel requested His Honor to instruct the jury that if the plaintiff at the time the services were rendered did not intend to make a charge for them, he could not recover. This was refused and the jury were directed that if from the testimony they should find that the intestate employed the plaintiff, and the services were rendered without any express agreement to pay a definite sum, the law would imply a promise to pay what they were reasonably worth.

The exceptions to the instruction refused and to the instruction given are for review on the appeal.

The proposed instruction proceeds from a misconception of the nature and essential requisites of a contract and was rightfully refused. A contract, express or implied, executed or executory, results from the concurrence of minds of two or more persons, and its legal consequences are not dependent upon the impressions or understandings of one alone of the parties to it. It is not what either thinks but what both agree. *Brunhild* v. *Freeman*, 77 N. C., 128; *Pendleton* v. *Jones*, 82 N. C., 249.

Whether the plaintiff's services shall be deemed a gratuity

or constitute a claim for compensation, must be determined by the common understanding of both parties. If they were intended to be and were accepted as a gift or act of benevolence, they cannot at the election of the plaintiff create a legal obligation to pay. But their character is not controlled by the inexpressed and revocable intentions of the plaintiff, although his purposes subsequently asserted may aid in ascertaining it. The matter was properly left to the jury and their verdict finds that the intestate did employ the plaintiff and the services were rendered and they have also fixed their value.

There is no error in the charge, but there is error in the judgment so far as it allows interest from May 19th, 1880. The entire damages are assessed in the verdict at fall term, 1880, at $200, and interest is only allowable thereafter. Thus corrected the judgment must be affirmed and it is so ordered.

No error.                              Modified and affirmed.