## J. McCarthy, Respondent, *v.* Missouri Railroad Company, Appellant.

### April 15, 1884.

1. Practice — Jury — Waiver. — An agreement between the parties to an action at law, to waive a jury and to submit the issues of fact to the trial judge, does not prevent the court from calling a jury to try the cause.

2. Agency — Corporations. — It is fair to infer that a superintendent of a corporation who, acting within the scope of his general authority as shown by his previous acts, ratified by the corporation, directs a physician to attend a person injured by the company's machinery, acts as the agent of the corporation and not on his own behalf.

3. Practice — Waiver — Demurrer to Evidence. — A defendant waives his demurrer to the evidence, filed at the close of the plaintiff's case, where he proceeds with his evidence and supplies the defects of the plaintiff's case.

Appeal from the St. Louis Circuit Court, Barclay, J. *Affirmed.*

Davis & Davis, for the appellant: The superintendent of a railway corporation is not authorized, by virtue of his position, to employ a physician at the expense of the company to attend a person injured by its cars. — *Brown* v. *Railroad Co.*, 67 Mo. 122; *Tucker* v. *Railroad Co.*, 54 Mo. 181; *Stephenson* v. *Railroad Co.*, 2 Duer, 341; *Cox* v. *Railroad Co.*, 3 Exch. 368; *Meyberry* v. *Railroad Co.*, 75 Mo. 492.

T. J. Rowe, for the respondent.

Thompson, J., delivered the opinion of the court.

This action was brought before a justice of the peace to recover the sum of fifty dollars for professional services rendered by the plaintiff as a physician and surgeon, at the request of the defendant, Charles M. Allen, superintendent of the defendant, the Missouri Railroad Company. On trial anew in the circuit court, the plaintiff had a judgment

against both defendants for forty-five dollars. He afterwards entered a *remittitur* as to the defendant Allen. The other defendant has appealed.

The record recites that, when the case was called for trial, both parties waived a jury in open court; but the court, nevertheless, ruled that a jury must be called to try the case, to which ruling the defendants excepted at the time. Both parties then examined the panel of jurors as called, and made the usual peremptory challenges, and the jury was then sworn in due form.

At the trial, the only evidence offered on behalf of the plaintiff was his own testimony, which was as follows: —

"I am a practicing physician of the city of St. Louis. On the 12th day of June, 1883, I was called to attend one John Deasey, who had been injured by one of the cars of defendant Missouri Railroad Company. I dressed the man's wounds, and, turning to Charles M. Allen, superintendent of the Missouri Railroad Company (one of the defendants herein), said: 'This man is badly hurt; shall I attend him?' Mr. Allen answered: 'Go ahead and attend him.' I knew and know Mr. Allen was superintendent, because I have seen his name printed on the cars of the Missouri Railroad Company as superintendent. I have no other knowledge of his position or duties. I do not expect to hold Mr. Allen for this debt, because I suppose he is bomb-proof. About two or three days after, I was told by Dr. I. N. Love that the Missouri Railroad Company would not pay me, as he was their regular physician. My services for attending the man were reasonably worth this bill sued on."

At the close of the plaintiff's testimony, the defendant corporation requested an instruction that there could be no recovery against it, which the court refused to give, and this defendant excepted.

The evidence on the part of the defendants was as follows: Charles M. Allen testified: "I am superintendent

of the Missouri Railroad Company.  My duties are to attend to the running of its cars, the employment and discharge of its drivers and conductors.  The Missouri Railroad Company has a regular medical director, Dr. I. N. Love, and when an accident happens, I am instructed to send for him.  Have never employed any other physician in case of accidents, except on emergency.  In a case of emergency I employed Dr. Van Studdiford, as I supposed Dr. Love was out of town.  The Missouri Railroad Company subsequently paid him.  I suppose I have a discretion in the matter.  I mean by discretion, that if I employed a physician the company would pay him.  I did not employ Dr. McCarthy.  After he had dressed Deasey's wound, he asked me if he should attend him.  I said, ' If you want to, but the company will not pay you.'  I notified Dr. Love of the accident the same day; believe Dr. Vastine was once engaged also, on emergency, by me or some other employé, and the company had paid him."

Wm. D. Henry testified as follows : " I am secretary of defendant Missouri Railroad Company.  It has a regular medical director.  Dr. I. N. Love is the regular medical director of the company.  His duty is to attend all cases of accidents happening on the line of the road.  The employés of the road are instructed to call him in in all cases of accidents.  He has been sometimes called in by Allen, the superintendent, or other employes."

Dr. I. N. Love testified as follows : " I am the regular medical director of the Missouri Railroad Company.  I have entire charge of all cases of accidents on the line of the Missouri Railroad Company.  I called to see Deasey shortly after the accident.  I left a prescription for him.  Also informed Dr. McCarthy that I called to see Deasey on behalf of the railroad company."

This was all the evidence offered.  No exceptions were taken to any rulings upon the admissibility of evidence. No instructions were asked at the close of the whole case

on either side ; but the court of its own motion gave the following instruction to the jury, the defendants reserving an exception : "If the jury find from the evidence that defendant Allen, as superintendent, was authorized by the defendant company to employ physicians on behalf of said company, to attend any person injured by the said company, and that said company had ratified such employments and paid such physicians so employed ; and if the jury further find, from the evidence, that plaintiff rendered professional services to said Deasey at request of said Allen, as such superintendent, then the jury will find for plaintiff in such sum as they believe from the evidence to be the reasonable value of the services so rendered by the plaintiff, after such request, and until such time as the jury may believe, from the evidence, plaintiff was notified by any one so authorized by said company not to further attend upon said patient Deasey. If the jury do not find the facts as aforesaid, they will find for defendants."

1. The first question which arises upon this record is whether the court erred in calling a jury, against the objection of the defendants, after both parties had waived a jury. The sections of the practice act which bear upon this question are as follows : —

" An issue of fact in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived, or a reference ordered, as hereinafter provided." Rev. Stats., sect. 3600.

" Parties to an issue of fact shall be deemed to have waived a trial by jury in the following cases : First, by failing to appear at the trial; second, by written consent in person or by attorney, filed with the clerk; third, by oral consent in court, entered on the minutes." *Ibid.*, sect. 3602.

The right of trial by jury is deemed a valuable right, and is guaranteed, in actions at law, by our constitution. The

effect of the above statutes merely is to allow the parties to waive that right, if they should see fit to do so ; but they do not extend so far as to oblige the judge to try the issues of fact in a case at law, although requested so to do by both parties, if he should deem it a proper case for trial by a jury. Ordinarily, the judge will accede to the wishes of the parties where they waive a jury, and try the issues of fact himself; but there may be reasons in the breast of the judge why he should call a jury, although both parties may prefer that the issues should be tried by him. Whether he will do so seems to be, like many other matters relating to the conduct of civil trials, a question for the exercise of a sound discretion on his part, which exercise of discretion will not be reviewed on appeal, except in manifest cases of abuse. Not only is there no abuse of discretion apparent in this case, but, as the question is here presented, the very statement of it seems to suggest its answer. It is nothing more than this : the trial by jury is the constitutional mode of ascertaining the facts in actions at law ; both parties were willing to waive this mode of trial ; but the judge was not willing to take upon himself the burden of determining the facts, for reasons which were within his own breast, and which he was not bound to disclose. The plaintiff acquiesced in the ruling of the court, and still acquiesces, by accepting the verdict and judgment which he has recovered. The defendant objected, saving his exception, and still objects. What more is it, then, than the case of one party to an action at law, objecting that the facts were tried and ascertained in the usual mode pointed out by the constitution and the laws?

2. The only remaining question arises upon the giving and refusing of instructions. It is to be observed that the defendants did not renew their request for instructions in the nature of a demurrer to the evidence at the close of the whole case. It is further to be observed that the motion for new trial does not distinctly call in question the action

of the court in giving the instruction which it gave of its own motion. The fifth ground in the motion for new trial is that "the court granted illegal instructions on behalf of the plaintiff against the defendant's objection." If this means that the court granted illegal instructions offered by the plaintiff, it is to be observed that it is meaningless, because no such instructions were offered. It was probably intended to refer to the instruction given by the court of its own motion, and so we are disposed to regard it. We do not see any substantial ground to complain of this instruction. It seems to have stated the law correctly, and to have been well enough in its application to the evidence.

Whether the court might or might not with propriety have given the instructions asked by the defendants, in the nature of a demurrer to the evidence, at the close of the plaintiff's case, need not be considered; because the defendant's evidence materially assisted in making out the plaintiff's case, by showing that Mr. Allen, the superintendent of the defendant corporation, had authority to employ a physician at the charge of the corporation, in cases of emergency, other than Dr. Love, the regular physician employed by the defendant corporation. Clearly there was evidence tending to show that he had such authority; that he had exercised it on more than one occasion, and that his conduct had been ratified by the company. He, himself, testified that he had a discretion in the matter, and that if he should employ a physician the company would pay him. After verdict in the plaintiff's favor, we must take as true the plaintiff's testimony to the effect that Mr. Allen, after the plaintiff had dressed the wound of the employé of the defendant corporation, had told the plaintiff to go on and treat the case; and if, in doing this, he acted contrary to instructions, it is not material, in the absence of a state of facts showing that the plaintiff knew what his instructions were and what the extent of his author-

ity was. It appears that he was acting within the scope of such a general authority as would be implied from his previous acts ratified by the company; and, clearly, where the superintendent of a corporation requests a physician to go on and treat an employé of the company, who has been injured, the natural implication would be that he makes the request for the company, and not with the intention of charging himself personally. There seems, then, to have been evidence to take the case to the jury, and we do not see any ground for disturbing the verdict and judgment.

The judgment is accordingly affirmed. All the judges concur.