SUSAN KING v. JOHN R. PHILLIPS.

*Contract—Compromise—New Promise—Departure.*

1. It requires the assent of both parties to make a contract. So, when a debtor pays a sum supposed by him to be the balance due on his bond, and the creditor refuses to give up the bond, but says that he will credit the amount paid, it does not amount to a compromise and satisfaction of the bond, although the debtor intends it as such.

2. An action cannot be maintained on a new promise to pay a debt secured by a bond, while the bond is still in force.

3. Where an action is brought to enforce payment of a bond, and a new promise is relied on to rebut an alleged compromise and satisfaction, the complaint should declare on the bond, and the new promise be relied on to rebut the compromise.

(*Brunhild* v. *Freeman*, 77 N. C., 128; *Pendleton* v. *Jones*, 82 N. C., 249; *Bailey* v. *Rutjes*, 86 N. C., 517; *Wilson* v. *Murphy*, 3 Dev., 352, cited and approved).

CIVIL ACTION, tried before *Avery, Judge,* and a jury, at Fall Term, 1885, of the Superior Court of LENOIR county.

On the 9th day of September, 1878, the defendant executed his note under seal to R. W. King, and therein covenanted to

pay him or his order, the sum of one thousand dollars, with interest from date at the rate of eight *per centum per annum.* It bears a credit, endorsed as of January 31st, 1882, and paid in the life time of the obligee, who died leaving it among his effects in this condition, and it passed into the hands of Anthony Davis, his executor. The defendant also paid to the latter, on the 29th day of November, 1883, the further sum of nine hundred and seven dollars, which is also endorsed as a credit, and the note was then assigned and delivered to the plaintiff, the widow of the testator, as part of her share in his personal estate. The present action was instituted on March 30th, 1885, to enforce payment of the residue of the debt.

The defendant in his answer, alleges that he paid to the testator the annual interest accruing, to-wit., $104.00 during the first three years, and paid the last sum credited, $907.00, under an agreement that it was to be a full discharge of the obligation.

The plaintiff in her replication, denies the alleged payment, and says that after the transfer of the note to her by the executor, the defendant promised to pay the note, and asked one B. W. Cannady to compute and ascertain the interest due, in order that he might do so.

Issues were thereupon framed and submitted to the jury, which, with their several responses, are these:

"1. Did the defendant pay to R. W. King the interest on the note sued on, as it accrued, for the first three years after said note was executed?

"Answer—no.

"2. Did the defendant agree with Anthony Davis, executor of R. W. King, to pay all of the principal and interest, except the interest for said first three years, and in pursuance of said agreement, actually pay to said Davis $907, on the 28th day of November, 1883?

"Answer—Yes.

"3. Did the defendant, after said note was assigned to plaintiff as one of the next of kin of said R. W. King by said executor, agree with plaintiff to pay said note?

"Answer—Yes."

The defendant's counsel contended, that upon the verdict, judgment should be entered against the plaintiff for costs; and that if the plaintiff be allowed to have judgment, it should be only for $312, the interest accruing during the three years, and interest on that sum from the date of the new promise, if that should be fixed, and if not, without such interest.

The Court rendered judgment for the amount appearing upon the face of the note, allowing the two endorsed credits, as payments made at their respective dates. From this judgment the defendant appealed.

*Messrs. A. J. Loftin, Geo. Rountree* and *M. A. Gray*, for the plaintiff.

*Mr. W. R. Allen*, for the defendant.

SMITH, C. J. (after stating the facts). It will be observed, that while the finding upon the second issue, is that the defendant, recognizing his liability, agreed to pay, and did pay, the indebtedness, except the three years interest, it is not found that the executor accepted the sum paid in satisfaction of the debt.

The verdict establishes the fact, that the defendant denied any further liability on the bond, and refused to pay more than $800, the principal, with interest since the $500 payment, yet it does not find that the executor did more than receive and credit the sum which the debtor admitted and was willing to pay, and this he might well do, without compromising a right to the excess, and leaving unadjusted these differences, as to its existence and amount. The testimony of the parties to the transaction, is really not in conflict, for neither says it was done under an agreement that the payment should discharge the full obligation. The executor says, "I did not agree that the payment discharged the note, and would not surrender it. I refused to surrender the note, because after allowing the indorsed payment of $500, the payment of $907 would not discharge what appeared to be due."

The defendant testifies, "I proposed to Davis that I would pay $800, with interest from the date of the $500 payment, and I claimed that only $800, the principal, was due at the date of that payment, and the interest on $800 from that time. Davis took the $907 and *entered it as a credit* on the note. * * * Davis said *I cannot give you the note*, because some back interest appears to be due."

We refer to the evidence, not that it may be considered on the appeal, but to ascertain the true meaning of the verdict upon the second issue, in the light thus shed upon it, and that it was not intended to go beyond the limits of declaring that the defendant refused to pay or recognise his liability for more, and not the assent of the executor to a settlement of the claim.

In this sense, there has been no compromise, no accord and satisfaction—for these require concurring minds. It is not " what either thought, but what both agreed," that forms contract relations between parties. *Brunhild* v. *Freeman*, 77 N. C., 128 ; *Pendleton* v. *Jones*, 82 N. C., 249 , *Bailey* v. *Rutjes*, 86 N. C., 517.

The defendant insists, that to permit a recovery upon the alleged promise to the plaintiff, which the jury find to have been made, is an unauthorized departure from the case made in the complaint, which avers the cause of action to be founded on the note, and its non-payment.

We think there is no departure in this, and that the evidence is to repel the allegation of full payment. The debt is not barred, and still subsists to sustain the action for the recovery of what is still due. Indeed, it cannot be manitained upon a parol promise to pay a debt secured by bond, while the bond itself remains in force, and not being barred, can be sued on. *Wilson* v. *Murphey*, 3 Dev., 352.

The new promise is but a recognition of a continued covenant liability, and the evidence of it seems to repel the contention that a compromise was understood and intended to be brought about, under the Act of March 17th, 1875. The Code, §574.

There is no error, and the judgment rendered in the Court below is affirmed, and the plaintiff will have judgment here for her debt and interest, as well as costs, against the defendant, and the sureties to his undertaking on the appeal.

No error.                Affirmed.