P. C. THOMAS v. THOMASVILLE SHOOTING CLUB.

*Implied Contract—Services Rendered.*

1. The construction of a contract does not depend upon what either party intended but upon what both agreed.

2. The law implies a promise to pay for work done and accepted and, in the absence of an agreed price or an understanding that nothing is to be paid, the laborer may recover the reasonable value of his services.

3. Where plaintiff, at the instance of defendant, procured leases for the latter which were accepted, and plaintiff, expecting to obtain remu-

nerative employment as steward for the defendant, did not intend to charge for getting up the leases but there was no agreement that he would not do so; *Held*, that plaintiff was entitled to recover the reasonable value of his services.

CIVIL ACTION tried before *Starbuck, J.,* and a jury at Spring Term, 1897, of DAVIDSON Superior Court. There was a verdict for the plaintiff and defendant appealed from the judgment thereon.

*Messrs. Walser & Walser,* for plaintiff.
*Mr. E. E. Raper,* for defendant (appellant).

FAIRCLOTH, C. J.: This action is brought to recover for services rendered in procuring hunting ground leases, at the instance of defendant, which were accepted and received by the defendant. The plaintiff testified that when he got up the leases he did not expect to charge for the work, if they should pay balance on his house, which has been paid and should pay him to take charge of their business at lucrative wages. The defendant's president testified that "the consideration for getting up the leases was that we were to buy his property and make him steward of the club at a salary. This was not a contract; it was our intention. . . . Did not employ him as steward because we had a falling out about the house. . . . I told him to get up the leases before we bought the house." So that, there was no contract as to the leases, because the construction of a contract does not depend upon what either party *expected* but upon what both *agreed*. *Brunhild* v. *Freeman,* 77 N. C., 128.

If A agrees to render services to B and it is agreed by both that the services are gratuitous and not to be charged for, then A cannot recover. If A renders services to B and the work is accepted, the law implies a promise by B to pay the value of the work. This is too familiar to need citation of authority.

There was evidence as to the value of the services and the house, and the jury rendered a verdict in favor of the plaintiff for $160. In apt time, the defendant asked the Court to instruct the jury that if the plaintiff, when he got up the leases, expected to make no charge, but expected remuneration afterwards by employment from the defendant, he could not recover for getting up the leases. This prayer was refused, but in lieu thereof his Honor charged that "If Thomas did not intend at the time to charge for getting up the leases, and this was known to the defendant, then he could not charge and recover for the same, but if it was not known to the defendant that Thomas did not intend to charge, then Thomas could afterwards sue for and recover for his services in getting up the leases." Exception. We see nothing prejudicial to the defendant in the charge as given, which included in substance the defendant's prayer or so much thereof as he was entitled to.

When the law implies a promise to pay for work done and accepted, and there is no agreed price, the laborer may recover the reasonable value of his services, unless there be some agreement or understanding that nothing is to be paid.

A physician makes no charge for professional services on his books and payment is resisted on the ground that the services were intended to be gratuitous, and the jury find that the services were rendered without any agreement to pay a definite sum. *Held*, that the law implies a promise to pay what they were reasonably worth. *Prince* v. *McRae*, 84 N. C., 674. Here, as the implied promise is not met by any agreement that there should be nothing paid, the plaintiff is entitled to recover.

Affirmed.