### LUMBER CO. v. LUMBER CO.

(Filed June 2, 1904).

1. DUE PROCESS OF LAW—*Constitutional Law—Forfeitures—Vested Interests—The Code, sec. 2522—Acts 1889, ch. 243—Const. N. C., Art. I, sec. 17.*

   An act providing that the owner of swamp lands failing to pay certain taxes shall forfeit the land to the state board of education is not constitutional.

2. TRESPASS—*Judgments.*

   Where, in an action for trespass on lands, the jury found that plaintiff owned a portion of the lands described in the complaint, but that the defendant had not trespassed on that portion, it was error to include in the judgment a decision that the title to such portion was in plaintiff.

ACTION by the J. L. Roper Lumber Company against the Elizabeth City Lumber Company, heard by *Judge M. H. Justice* and a jury, at March Term, 1903, of the Superior Court of CAMDEN County.   From a judgment for the plaintiff the defendant appealed.

*Rodman & Rodman* and *W. M. Bond* for the plaintiff.
*E. F. Aydlett* and *W. W. Clark,* for the defendant.

DOUGLAS, J.   The main question on this appeal, to which nearly all the exceptions are directed, is the constitutionality of chapter 243 of the Acts of 1889 amending section 2522 of The Code.   This act was held to be unconstitutional in *Parish v. Cedar Co.,* 133 N. C., 478; and after renewed consideration we deem it our duty to reaffirm our decision to that effect.   This destroys the defendant's chain of title, but does not necessarily perfect that of the plaintiff or render the defendant liable for trespass.   The plaintiff brought a civil action in the nature of trespass, alleging its ownership of the land in question and the defendant's trespass thereon. The jury found in substance that the plaintiff owned a part of the lands described in the complaint, but that the defendant had not trespassed upon those particular lands.   This was the practical result of the verdict, and its legal effect was to entitle the defendant to a judgment that it go without day and recover its costs incurred in the action.   We do not think that any judgment should have been given deciding the title to the land, as that was not the essential question involved in the action.   Trespass is essentially an offense against the possession, and an action therefor can be maintained by one not holding the fee.   On the contrary, it makes no difference who owns the fee if the defendant has committed no trespass thereon.   If both issues had been found in favor of the plaintiff, it may be that he would have been entitled to a judgment on his title as a necessary requisite to his recovery; but as he is not entitled to a recovery a simple judgment for the defendant should have been entered. The judgment of the Court below will be modified by striking out that part decreeing the plaintiff to be the owner of the lands therein described, and then affirmed.

Modified and affirmed.