## LUMBER CO. v. LUMBER CO.

(Filed February 28, 1905).

PLAINTIFF'S APPEAL.

*Agreement of Parties—Powers of Court—Waiver of Jury Trial—Reference—Costs—Nominal Damages.*

1. In an action for trespass, it was agreed by the parties, through counsel, "That if the jury should answer the first issue as to title 'Yes,' then it is admitted that the defendant has trespassed and the amount of damages is reserved to be ascertained by a reference under The Code," and the jury answered the first issue "Yes," but the trial Judge refused to refer, and submitted over plaintiff's objection the following issue: "Has the defendant cut timber or committed other acts of trespass on the land·described in the complaint?" To which the jury answered "No": *Held*, that the trial Judge committed no error, and reconciling the agreement and verdict as far as possible, the plaintiff was entitled to judgment for nominal damages by virtue of the agreement admitting a "technical" trespass.

2. Agreements and admissions made by attorneys of record are binding upon their clients in all matters relative to the progress and trial of the case, and will in the absence of fraud or mutual mistake, be enforced by the Court, but only to the extent that they do not interfere with the legitimate powers of the Court.

3. The trial Judge, in the exercise of a sound discretion, may disregard the agreement of parties that a jury trial shall be waived or that a reference shall be made.

4. Error in the judgment of the lower Court, to which exception was taken, entitles the plaintiff to costs in the Supreme Court, although he does not recover more than nominal damages.

LUMBER Co. *v.* LUMBER Co.

DEFENDANT'S APPEAL.

*Forfeiture of Land for Non-payment of Taxes—Unconstitu-
tional Act—Trespass—Issue—Judgment.*

1. Chapter 243 of the Acts of 1889, declaring a forfeiture of land to
   the State for failure to list and pay taxes assessable against
   it, without provision for some judicial inquiry before con-
   demnation or forfeiture, is unconstitutional.

2. In an action for trespass on land, an issue as to the ownership of
   the land is not appropriate and it was error to include in the
   judgment a declaration, though pursuing the language of the
   verdict upon said issue, that plaintiff is the owner of the land.

This is a petition filed by plaintiff to rehear the above-
entitled case which was decided at February Term, 1904,
and is reported in 135 N. C., 744. The action was brought
to recover damages for cutting timber on land which plain-
tiff alleges was owned by it at the time the trespass was
committed by the defendant, and to which it claimed owner-
ship by virtue of a grant to Weeks and Valentine and mesne
conveyances by which it acquired the title so granted and
conveyed to them. The defendant, not denying that plaintiff
is the owner of whatever land is covered by the Weeks and
Valentine grant, denies that the grant includes any part of
the land on which it has cut any timber, though it admits
that it has cut timber on a tract of land in the lower part of
Camden County, which it had a lawful right to cut, as it
owned the land.

Issues were submitted to the jury which with the answers
thereto are as follows: 1. "Is the plaintiff the owner of the
land described in the complaint or any part thereof? 'Yes.'"
2. "If so, what part?" Ans. "All the land conveyed to
Weeks and Valentine by accurate measurement, except the
M. D. Gregory and Joseph Burgess grants." 3. "Has the
defendant cut timber or committed other acts of trespass on

the land described in the complaint and inside the Weeks and Valentine grant?" Ans. "No."

Before these issues were submitted, the parties, through their counsel, in open court, entered into the following agreement in writing: "In this cause it is agreed that if the jury should answer the first issue as to title 'Yes' then it is admitted that defendant has trespassed, and the amount of damages is reserved to be considered by a reference under The Code." This agreement was filed with the papers and made a part of the roll in the case.

After all the evidence was introduced and after all the speeches had been made, except the last speech on each side, the Court decided to submit the third issue, and to restrict the consideration of the jury, under the first issue, to the question of title as conveyed by the grant and deeds under which the plaintiff claimed and under the third issue to the location of the said grant and deeds. Counsel on both sides had, prior to this ruling, argued the question of the location of the grant and deeds under the first issue, treating it as involved in that issue. The plaintiff objected to the third issue, the objection was overruled and the plaintiff excepted. Evidence was introduced by the plaintiff tending to show that the grant and deeds covered the *locus in quo,* and defendant introduced evidence tending to show that they did not.

The Court charged the jury upon the first issue that the grant and deeds were sufficient to vest the title to the land described in the complaint in the plaintiff, and that if they believed the evidence they should answer the first issue "Yes"; that they should not consider the question of location under that issue but simply the question of title, as the location should properly be considered under the third issue. As to the third issue the Court charged that, if the plaintiff had located its land by the evidence, the jury would answer the

137——28

issue "Yes"; otherwise, "No." Plaintiff excepted. The plaintiff then insisted that the submission of the third issue in view of the agreement of counsel was erroneous, and that the Court should instruct the jury to answer that issue "Yes," in accordance with the admission in the agreement.

After the return of the verdict, the plaintiff moved to strike out the third issue and the answer thereto as immaterial, and for judgment declaring the plaintiff to be the owner of the land as agreed by the jury, and ordering a reference to ascertain the damages. The Court refused to order a reference, and entered judgment declaring that the plaintiff was the owner of the land in accordance with the findings of the jury, and further adjudged that the plaintiff take nothing by its suit, but that defendant go without day and recover of plaintiff the cost of the action. Plaintiff excepted and appealed.

*Rodman & Rodman, W. M. Bond* and *Shepherd & Shepherd,* for petitioner.

*E. F. Aydlett* and *W. W. Clark,* in opposition.

WALKER, J., after stating the case. When this case was before us at a former term, the learned Justice who wrote the opinion of the Court assumed in the course of the argument that the first issue, as prepared at the time of the agreement of counsel, embraced all the land described in the complaint and called for a finding of the jury as to whether the plaintiff was the owner of all and not merely the owner of a part thereof, and that, afterwards, the issue was so divided as to require the jury to determine, not only whether the plaintiff owned all the land, but, if it did not, whether it owned any part thereof. And so the Court thought at the time. It now appears that no change was ever made in the first issue. It is in precisely the same language now as it

was when the agreement was made. The erroneous assumption of the Court led to the conclusion that the agreement of the counsel had been annulled, as the change in the form and substance of the issue rendered the contingency upon which the admission was to operate impossible. The fact is, that as the agreement and the first issue were drawn, the parties intended, as the law construes their agreement, that if the jury answered "Yes" to the first issue, that is, if they found that the plaintiff was the owner of the land or any part thereof, the plaintiff had trespassed upon the land described in the complaint and in that event there should be a reference to assess the damages. The Court was led into a misapprehension of the true state of the issues, we suppose, by reason of the fact that the second issue required the jury to find what part of the land was owned by the plaintiff, if it owned not all, but only a part thereof. But that was one of the issues when the first issue was prepared and when the agreement was drawn, and was intended only to complete and perfect the finding under the first issue, if the jury answered that the plaintiff was the owner only as to a part of the land. It now appears most clearly that the first issue was never so drawn as to be confined to all the land and require a response only as to the entire tract, but has remained intact from the beginning to this time and required the jury to find whether the plaintiff was the owner of the land or any part thereof. The jury answered that issue "Yes," and therefore the agreement between the parties became operative, but, as we will presently see, not in its entirety.

The defendant contends that we should not enforce the agreement, as the parties contemplated, at the time, that the question of trespass should be tried under the first issue, or, in other words, should be considered as of the substance of that issue and a material part of it. We cannot so hold. We are not permitted to introduce any new provision into the

agreement of the parties without the consent of both, nor can we embody in the issue something that in law constitutes no part of it without a like consent of the parties. We cannot make a contract for the parties, but only construe it as they have themselves made it. Their words must be given their natural and ordinary meaning and, in this case, the issue referred to in the agreement must be interpreted according to its plain legal import. How an issue as to ownership can involve the question of a trespass on the land we are unable to conceive. If the plaintiff is the owner of the land, he has the constructive possession of it, which will support an action of trespass to recover damages for an unlawful invasion of his right, but this does not include the idea that the defendant has made an unlawful entry on the land. Therefore it follows that the question of trespass was not germane to the first issue and we cannot consider it in passing upon the agreement of the parties. The fact, if conclusively established, that the parties actually intended to try that question under the first issue would not help the defendant. It is not the understanding but the agreement of the parties that controls, unless that understanding is in some way expressed in the agreement. Even if the defendant had clearly shown that it so understood the agreement, it will not do, as the Court proceeds not upon the understanding of one of the parties but upon the agreement of both. No principle is better settled. *Brunhild v. Freeman,* 77 N. C., 128; *Pendleton v. Jones,* 82 N. C., 249; *Prince v. McRae,* 84 N. C., 674; *McRae v. Railroad,* 88 N. C., 534; *King v. Phillips,* 94 N. C., 558. In *Bailey v. Rutjes,* 86 N. C., 520, it is held that however reasonably one of the parties to an agreement may be induced to act with reference thereto in a particular way by the conduct of the other, the latter is not bound by such conduct as evincing the measure of his contractual duty or obligation, unless there is some equitable

element or an estoppel involved, which in law binds him by his conduct to assume that duty or responsibility as if he had expressly promised to do so. To the like effect is *Thomas v. Shooting Club,* 121 N. C., 238. The same idea is differently expressed in *Gregory v. Bullock,* 120 N. C., 262, namely, when the terms of an agreement are ascertained, its effect is determined by the law and does not depend upon the uncertain or undisclosed notion or belief of either party. But the case of *Stump v. Long,* 84 N. C., 616, would seem to be conclusive against the defendant upon this point. In that case, the plaintiff had instituted proceedings supplementary to execution against the defendant. During the course of those proceedings the parties agreed to the appointment of a receiver and an order by consent appointing a receiver to take charge of defendant's assets and apply the same to the payment of his debts was accordingly entered, nothing being said therein about defendant's exemption. He afterwards asked the Court to modify the order by providing for his exemptions, upon the ground that his counsel had misunderstood him and that he did not intend to waive his exemption and did not believe that he had done so. The Court refused the application, and, after holding that the defendant was bound by the act of his attorney, who had implied authority to consent to the order, it proceeded by *Ruffin, J.,* who wrote the opinion, to say: "We are bound then to treat the case as if the petitioner had been actually present and given his assent to the order as drawn. He agreed to it because his attorney did. Can a party, after having given his assent to a judgment or order of the Court, be afterwards heard to say that such assent had proceeded from a mistake, on his part, as to the effect thereof, and for that reason have the same modified? If so, then the Court would be making a consent judgment for the parties, not according to the agreement of both, but according to the understanding of one of them. If

this was a bill for the correction of a mistake in a deed, the plaintiff could get no relief upon the facts stated in his application, for in such a case one of two things must appear, either that the mistake was that of both the parties, or that of one with a fraudulent concealment on the part of the other. There is no pretense here of any fraud or mutuality of mistake, and we cannot see why the same principle does not apply." That the parties are bound by the acts of their attorneys of record in making agreements is too well settled to be now disputed. *Morris v. Grier,* 76 N. C., 410; *White v. Morris,* 107 N. C., 92; *Stevenson v. Felton,* 99 N. C., 58. Nor are we able to see why the admission of the trespass was made, if the first issue involved that question, because if it did, an affirmative response by the jury would have determined the mere fact of trespass as certainly as any agreement of the parties could have done, however explicitly it may have been drawn. It was just because an answer to that issue did not in law include any such finding that the defendant made the admission. At least it so appears to us.

While we are compelled to enforce the agreement, we do not concur with the plaintiff's counsel in his view as to its scope and extent. Parties undoubtedly have the right to make agreements and admissions in the course of judicial proceedings, especially when they are solemnly made and entered into and are committed to writing and when too they bear directly upon the matters involved in the suit. Such agreements and admissions are of frequent occurrence and of great value as they dispense with proof and save time in the trial of causes. The courts recognize and enforce them, as substitutes for legal proof, and there is no good reason why they should not. "Admissions of attorneys bind their clients in all matters relating to the progress and trial of the cause, and are, in general, conclusive." 1 Greenleaf on Ev., 186. "Unless a clear case of mistake is made out, entitling the

party to relief, he is held to the admission, which the Court will proceed to act upon, not as the truth in the abstract, but as a formula for the solution of the particular problem before it, namely, the case in judgment, without injury to the general administration of justice." *Ibid.,* 206. Wharton on Ev., 1184, 1185 and 1186. While this is so, the Court will not extend the operation of the agreement beyond the limits set by the parties or by the law. The agreement in this case contains two branches. The first is an admission of fact, to-wit, that defendant had trespassed; the second is a stipulation to refer the question of damages. The parties had the right to make the admission, but did they have the right to agree to the reference without the assent of the Court thereto? By The Code, sec. 416, it is provided that trial by jury may be waived by the parties to an issue of fact in actions on contract, and, with the assent of the Court, in other actions. This section appears under the chapter entitled "Trial by the Court," and that chapter further provides for the trial of the issue by the Court when a jury trial is waived. Section 398 provides that an issue of fact must be tried by a jury unless a trial by jury is waived under section 416, or a reference is ordered. Section 420 provides that all, or any of the issues, whether of fact or of law, or both, "may be referred" upon the written consent of the parties, except in actions to annul a marriage, or for divorce and separation. This section is in the chapter entitled "Trial by Referees." The Constitution, Article IV, section 13, provides, "that in all issues of fact joined in any court, the parties may waive the right to have the same determined by a jury, in which case the finding of the Judge upon the facts shall have the force and effect of a verdict of the jury." We do not think it was intended by this provision that the waiver should operate *proprio vigore,* and without the assent of the Court, to dispense with a trial by jury. The Constitution confirmed

and guaranteed the ancient right of trial by jury and section 13 of Article IV was intended merely to permit that right to be waived and to substitute the findings of the Judge for the verdict of the jury with all the force and conclusiveness of the latter. To extend its effect and meaning so as to take away the power and jurisdiction of the Court to control its own proceedings as it had theretofore been accustomed to do, is a construction not required by the exigencies of the case. What is said *arguendo* in *Stevenson v. Felton,* 99 N. C., 58, does not militate against this view and, if it did, we can easily see that such a question was not at all involved in that decision. In that case, the Judge who ordered the reference had of course assented thereto and it was not competent, as the Court correctly decided, for another Judge to set aside the report of the referee upon the ground that the reference was improperly ordered by his predecessor. The Constitution provides only for a trial by the Court upon waiver of a jury trial, and says nothing about a reference. Unless restricted by that instrument, as it is not, the Legislature undoubtedly had the right to provide, not only that there should be no waiver of trial by jury in actions other than actions on contract without the assent of the Judge, but it could also provide that all references should be with his consent: Any other conclusion would we think be contrary to the accepted construction of the Constitution and statute as indicated by the uniform practice in the courts since their adoption. While we have not been able to find any case in our own reports directly bearing upon this question, there are cases which have been decided in the other States upon substantially similar constitutional and statutory provisions, which sustain the views we have expressed. In *Wittenberg v. Onsgard,* the Court thus refers to the subject: "The authorities are generally if not uniformly to the effect that the Judge may disregard the waiver of a jury by the parties, and, on

his own motion, require the issues of fact to be submitted to a jury; that this is a matter addressed to his sound discretion" (citing *Burke v. Breazeale,* 1 Rob. La., 73, and other cases). The Court further says: "The authorities seem to be also to the effect that a waiver of jury trial, so long as not yet acted on, may be withdrawn, with the consent of the Court, and a trial by jury demanded, at least where the withdrawal will not prejudice the opposite party. All that is decided in *State v. Bannock,* 53 Minn., 419, 55 N. W., 558, is that the waiver cannot be recalled at will, or as a matter of right. The law zealously guards the right of trial by jury. Waivers of the right are always strictly construed and are not to be lightly inferred, or extended by implication. It is reasonably apparent that the waiver of a jury in this case was made only with reference to the exigencies of the then current term of Court, and should not be extended so as to apply to a subsequent term. The action of the Court in ordering the case to be tried by a jury may be sustained on any of these grounds." *Wittenberg v. Onsgard,* 78 Minn., 348. "The right of trial by jury is deemed a valuable right, and is guaranteed in actions at law by our Constitution. The effect of the above statutes merely is to allow the parties to waive that right, if they should see fit to do so; but they do not extend so far as to oblige the Judge to try the issues of fact in a case at law, although requested so to do by both parties, if he should deem it a proper case for trial by a jury. Ordinarily, the Judge will accede to the wishes of the parties where they waive a jury, and try the issues of fact himself (or, it may be added, will refer the same); but there may be reasons in the breast of the Judge why he should call a jury, although parties may prefer that the issues should be tried by him (or referred). Whether he will do so seems to be, like many other matters relating to the conduct of civil trials, a question for the exercise of a sound discretion on

his part, which exercise of discretion will not be reviewed on appeal, except in manifest cases of abuse. Not only is there no abuse of discretion apparent in this case, but, as the question is here presented, the very statement of it seems to suggest its answer. What more is it then, than the case of one party to an action at law objecting that the facts were tried and ascertained in the usual mode pointed out by the Constitution and the laws?" *McCarthy v. Railroad,* 15 Mo. App., 388. "The Court, however, has the right, notwithstanding such waiver, to direct an issue of fact to be tried by a jury. Besides this, it would not be presumed that any injury had accrued to the plaintiff 'in consequence of the issues of fact being tried by a jury instead of by the Court, citing *Doll v. Anderson,* 27 Cal., 249. The action there, as in the case at bar, was upon a contract." *Bullock v. Lumber Co.,* 31 Pa. Rep., 367. Even if it were not for these authorities and for what we conceive to be the reasonable construction of the Constitution and statute, we would still be reluctant to hold that it was intended to deprive the trial Court of a function so essential to its efficiency and so important in every well regulated system of judicial procedure, unless compelled to do so by the expression of that intention in a clear and unmistakable manner.

Having reached the conclusion that the Court had the power to submit the third issue notwithstanding the agreement of counsel, it only remains to be considered, what effect that issue and the response of the jury thereto have upon the result. The agreement admitted the fact of a trespass and to this extent it is valid and effective and the Court could not in any way disregard it. The issue directs the jury to inquire not only whether the defendant had cut any timber on the land described in the complaint, inside the Weeks and Valentine grant, which was the particular trespass alleged, but whether defendant had committed any other acts

of trespass. The finding of the jury, so far as it is responsive to the last branch of the issue, is in direct conflict with the agreement of the parties as to the technical trespass and must be disregarded, but the finding that there had been no substantial trespass upon the land is not at variance with any valid stipulation of that agreement, and it must stand and receive from us its proper weight in the determination of the case. The agreement ascertains only that there has been a trespass, that is, a technical violation of the plaintiff's right or a simple invasion of his possession. Nothing else appearing, this would entitle plaintiff to nominal damages only and, as the finding of the jury excludes the existence of actual damages, the recovery must be confined to that compensation which the law gives for the technical wrong or, in other words, to nominal damages. *Chaffin v. Mfg. Co.,* 135 N. C., 95; s. c., on rehearing, 136 N. C., 364. While we will enforce the agreement, it must be done only to the extent that it does not interfere with the legitimate powers of the Court and, as the Court submitted the issue in the rightful exercise of its authority or jurisdiction, we must reconcile the verdict upon the third issue and the agreement, if it can be done, and reject so much of either as conflicts with any valid portion of the other, and in doing so the result is that plaintiff is entitled to a judgment for nominal damages by virtue of the agreement and *non obstante veredicto,* both the clause in the agreement as to the reference and the finding of the jury that not even a technical trespass had been committed being rejected. *Harris v. Sneeden,* 104 N. C., 369.

We do not agree with counsel in the contention that the jury have found by their answer to the first issue that plaintiff is the owner of the land on which the timber was cut. Defendant says in its answer that they have cut no timber on the land described in the complaint and the jury have so found. The plaintiff must have shown, even if there had

been a reference, that the cutting of timber was done on its land, as described in the complaint, in order to recover actual damages. The agreement goes no further than to admit a technical trespass. There may have been such a trespass on the lands described in the complaint and yet not a tree have been cut or other substantial injury done on the land. Because the defendant is admitted to have trespassed upon the lands described in the complaint, it does not follow, therefore, that those are the same lands upon which defendant cut the timber. Indeed the verdict would seem to show that no trespass at all was committed, but we are bound by the admission to hold that there was a trespass though there was none in fact, or at least a technical though not a substantial trespass. *Harris v. Sneeden, supra.*

The former decision is modified in accordance with this opinion and judgment will be entered in the Court below in favor of the plaintiff for a penny and the costs. As there was, in contemplation of law, substantial error in the judgment of the lower Court to which exception was duly taken, plaintiff is also entitled to costs in this Court, although it does not recover more than nominal damages.

Petition Allowed.

### DEFENDANT'S APPEAL.

WALKER, J. The plaintiff has also asked us to rehear the decision in this appeal, though no separate petition has been filed, as should have been done. From an examination of the record and the former opinion, it appears that two points only were made and considered by the Court, namely: (1) Is the Act of 1889, chap. 243, amending section 2522 of The Code, constitutional? This involved the question whether the Legislature could by said act declare a forfeiture of land to the State, and vest title to the same in the board of education, for failure to list and pay the taxes properly assessable

against it, without provision for some judicial inquiry before condemnation òr forfeiture. We decided then, 135 N. C., 742, as we had before in *Parish v. Cedar Co.,* 133 N. C., 478, after an able and exhaustive discussion of the subject by *Douglas, J.,* for the Court, that no such power existed, as it would be a violation not only of the natural but of the constitutional right of a citizen to take his property without notice, hearing or judgment. We adhere to the decision, which by the way was in favor of the plaintiff, and we take it that he does not intend to except to that ruling, but to the one we are now about to consider.

We further decided that it was error to include in the judgment a declaration, although pursuing the language of the verdict upon the first and second issues, to the effect that the plaintiff is the owner of the land inside the Weeks and Valentine patent, not including any part of the land described in the Gregory and Burgess grants, because this is not an action for the recovery of real property (ejectment) but solely for the recovery of damages for an unlawful entry upon the land described in the complaint (trespass). The issue as framed was not appropriate to an action of trespass, which should be substantially: Did defendant trespass upon the land of the plaintiff as alleged in the complaint? and this, coupled with an issue as to the damages, is quite sufficient to present the matter in dispute. Proof of title may be competent under the first of those issues, but an inquiry as to the title is no part of the issue itself.

The form of the issue, though, worked no harm to the plaintiff, as the answer of the jury merely ascertained that, being the owner, the plaintiff was entitled constructively to the possession which will support trespass for any injury to the close. But the fact so found by the jury was not proper to be stated in the judgment, and it was ordered by this Court to be stricken out. We do not now see any error in

this ruling. The plaintiff's recovery must be limited to nominal damages for the admitted technical trespass and the costs, as we have held in the plaintiff's appeal, and this is all that should be stated in the judgment.

There is no other ruling of the Court below, as far as appears in the defendant's appeal, which prejudiced the plaintiff, or to which he is entitled to take exception. This dismisses his petition.

Petition Dismissed.

HOKE, J., concurring. I do not understand the proceedings in the Court below in the same way as stated in the opinion of the Court, nor put exactly the same interpretation upon them. The parties litigant had a right to make the agreement set out in the case and the Court was required to accept it. But in my judgment there is nothing to indicate that the agreement had been disregarded, for the reason that by the finding of the jury the agreement never came into effect.

As the issues were originally drawn, the first two were addressed to the question of title, and on the pleadings there were two additional issues, one to the question of trespass and one to the amount of damages.

There were two elements in this question of title, (1) that the claimant should connect himself with the State grant by valid and proper deeds; (2) that the claimant should locate the deeds so as to cover the land in controversy. Instead of submitting these two elements of title in the issues as framed, his Honor had the second element determined by the jury on a third issue framed by himself. This was no doubt done because the Court thought the evidence addressed to the question of location could be more clearly presented by a charge on the issues as framed by him. The issue was unfortunately worded, because in its terms the same is in apparent conflict

with the agreement of the parties. But it is not really so. The true interpretation of the agreement was simply to this effect: That if the parties plaintiff could show title covering the land in controversy, then the defendant admitted the physical act of trespass, and the question of amount should be referred.

The verdict on the issues determined that while the plaintiff had a line of deeds connecting him with the Weeks and Valentine grant, he had not been able to locate either the grant or the deeds, and therefore had shown no title covering the *locus in quo*.

The facts stated in the case on appeal and the charge of the Court show clearly that on the third issue the parties debated the question of location, and the jury determined that the plaintiff had failed to locate any land. Note the charge of the Judge on the issues:

1. That upon the first issue they were to consider only whether the plaintiff had title to the Weeks and Valentine grant, and he further charged that the grant and the deeds introduced by the plaintiff were sufficient to pass that title, and if they believed the grantors in the deed to the plaintiff were the heirs of Jacob Valentine, and if they believed the evidence they were, then it was their duty to answer the first issue "Yes."

2. That they were not to take into consideration, in answering the first issue, the location of the grant, but it was only a question whether or not the plaintiff had the title to the land of the Weeks and Valentine grant, without reference to the fact whether or not it could be located; that under the issues as now submitted by the Court to the jury, the question of title simply arose under the first issue as to the land described in the complaint; that its location was to be considered by the jury in passing upon the third issue.

3. The Court charged the jury upon the third issue, among

other things, that when they came to consider the same, they would consider whether or not the plaintiff had located its land; that if they find from the evidence that the land was not located, they would answer it "No"; if they find the plaintiff had located it, then they would answer it "Yes." Under the charge the jury answered the third issue "No."

This shows that on the third issue the jury passed upon the question of location and determined that the plaintiff had shown no title covering the land. The agreement, which was simply as to acts of physical trespass, in case this was done, never came into operation. I think that on the verdict the judgment should simply be that the defendant go without day and recover costs.

Inasmuch, however, as the judgment of the Court substantially carries out the results of the trial as understood and contemplated by the parties, I concur in the decision as made.