THE JAMES LEFFEL COMPANY v. W. I. HALL.

(Filed 17 March, 1915.)

**Vendor and Purchaser—Contracts—Goods Sold—Conditional Credit.**

A contract consists of the coming together of the minds of the parties into an agreement upon the subject-matter, and not what either of them independently supposed the agreement to have been; and in the sale of an engine, wherein the seller took the note of the purchaser, and it was agreed that an allowance would be made on the note for an old engine belonging to the purchaser in such sum as the former, in his discretion, would fix, and the latter refused the amount thus named, there is no evidence of an agreement upon the amount of the credit to be allowed for the old engine.

APPEAL by defendant from *Daniels, J.,* at February Term, 1914, of DUPLIN.

Action for the recovery of personal property, viz., a 9½ by 12 horsepower engine and a 40 horse-power boiler, which had been sold to the defendant by the plaintiffs, and for which the former had given his note for $318, dated 23 February, 1905, and due one year after its date, plaintiffs retaining the title to the property until the note was paid. The only question in the case is whether defendant is entitled to a credit on the

note for the value of an old engine under the following circumstances: It appeared that defendant shipped the "old engine" to plaintiffs, subject to their inspection, and if a price for it could be agreed upon by the parties, the same was to be credited on the note; that after an inspection by the plaintiffs, they offered defendant $39 for it, which he refused to take, and they failed to agree as to the price. Plaintiffs thereupon notified the defendant that the old engine was held subject to his orders and directions, it having been shipped, as stated, to the plaintiffs for their inspection and the offer of a price. They wrote to defendant on 25 August, 1909, as follows: "We have your favor of the 20th inst., and as this matter is now in the hands of our attorney, we cannot recall it and will have to let the matter run its course. We trust that you can arrange in some manner to make payment of this claim, so that you will not lose possession of the machinery. In regard to allowance for the old engine, we are willing to take it back and allow you what we can for it. If your railway agent has not been able to secure you a rate so as to ship it as scrap iron, perhaps you had better direct his attention to same again."

There was evidence as to the value of the old engine.

The court instructed the jury that if they found the facts to be as stated by the witnesses, their verdict should be in favor of the plaintiffs for the amount of the note, subject to the admitted credits, and without any credit for the value of the engine. There was a verdict accordingly and judgment thereon, from which defendant appealed.

*Gavin & Wallace for plaintiff.*
*George R. Ward and Stephens & Beasley for defendant.*

WALKER, J., after stating the case: There is a suggestion in defendant's brief of fraud on the part of the plaintiffs, but we have failed to find any evidence of it in the case. The agreement was not that the plaintiffs would allow the defendant the value of the old engine, but that, after examining it and knowing its then condition, they would offer him such a price for it as they could afford to give under the circumstances. It was left to them to fix the price that they would be willing to pay, and there was no promise by them to pay its value as fixed by the defendant or any one else, or by the jury. If the defendant wanted any such offer, he should have stipulated for it in language susceptible of that meaning. We cannot make the contract for the parties, but can only construe that which they have made for themselves. We find it expressly stated in the case that the property was shipped to the plaintiffs subject to their inspection, and if the parties could agree upon the price, it should be credited upon the note for $318. This certainly is not a contract to pay the value of the engine, the amount to be left open for future determination, but a definite sum to be agreed upon. The minds of the parties must

meet upon one and the same thing, and the meaning of their contract must be ascertained from its words, and the mutual agreement of the parties, and not merely from the intention, belief, or understanding of one of them. *Bailey v. Rutjes,* 86 N. C., 517; *Pendleton v. Jones,* 82 N. C., 249; *Brunhild v. Freeman,* 77 N. C., 128; *King v. Phillips,* 94 N. C., 558; *Hedgepeth v. Rose,* 95 N. C., 41; *Wilson v. Scarboro,* 163 N. C., 380. "A contract, express or implied, executed or executory, results from the concurrence of minds of two or more persons, and its legal consequences are not dependent upon the impressions or understandings of one alone of the parties to it. It is not what either thinks, but what both agree." *Prince v. McRae,* 84 N. C., 674. "It is not the understanding, but the agreement of the parties that controls, unless that understanding is in some way expressed in the agreement. Even if the defendant had clearly shown that it so understood the agreement, it will not do, as the court proceeds not upon the understanding of one of the parties, but upon the agreement of both. No principle is better settled." *Lumber Co. v. Lumber Co.,* 137 N. C., 431. The court, therefore, properly refused to submit the issues tendered by the defendant as to the value of the engine, as there was no evidence to support them, and the other exceptions must be overruled for the same reason.

No error.