N. & W. OVERALL COMPANY, A CORPORATION, V. P. C. HOLMES.

(Filed 14 November, 1923.)

**Contracts—Vendor and Purchaser—Evidence—Questions for Jury—Appeal and Error—Issues.**

> It is necessary to a binding contract that the minds of the parties agree upon its terms; and where, in an action between the parties to recover for goods sold to be delivered by common carrier, and the purchaser refused the shipment, which was afterwards destroyed by fire in the carrier's warehouse, there is conflicting evidence as to whether certain shirts were purchased at a less price than demanded by the seller, in an order for overalls and shirts, which comprised the shipment thus destroyed, it is for the jury to determine whether the order was entire for both the shirts and the overalls, and whether the seller had demanded a higher price for the shirts than that agreed upon; and an instruction directing a verdict in the seller's favor is reversible error: *Held further,* the issue, "In what sum is the defendant indebted to the plaintiff?" is a proper one.

APPEAL by defendant from *Cranmer, J.,* at February Term, 1923, of FRANKLIN.

Civil action. This was a suit for $108, price of a lot of overalls and shirts, sold by plaintiff to defendant, and commenced in a justice of the peace court, and on appeal heard anew in the Superior Court.

The plaintiff introduced the original order, alleged to be signed by defendant, for a lot of overalls and shirts, and an itemized verified statement of account, in accordance with the statute. The following is a copy of the order and verified account:

N. & W. OVERALL CO.,
Lynchburg, Va., 10-18-21.

Sold to—P. C. Holmes,
Address—Louisburg, N. C.
Routing—Frt. N. & W. When ship—Dec. 1. No hurry.
Terms—2% off 10 days, 30 days net.

| S. B. No. | Case No. 16-1 14-3 | Rating W. D. | Ledger 504 | Date Billed 11-28-21 |
|---|---|---|---|---|

| Quantity | Style | Price | | Amount |
|---|---|---|---|---|
| 5 | 109-A | 36 to 42 | $15.00 | $75.00 |
| 1 | 1 | 15 to 17 | 11.00 | 11.00 |
| 1 | 2 | 15 to 17 | 11.00 | 11.00 |
| 1 | 3 | 15 to 17 | 11.00 | 11.00 |
| | | | | $108.00 |

Hold till December 1st.

Rated W. D. I have found him prompt to meet obligations.

All goods sold f. o. b. factory. All orders subject to approval of office, and not subject to cancellation.

Buyer: P. C. HOLMES.

Salesman: E. S. TAYLOR.

### EXHIBIT B.

Nov. 28, 1921.

| | | | |
|---|---|---|---|
| No. 190-A, 5 doz. overalls .......................................$15.00 | | | $75.00 |
| 1 | 1 doz. shirts ....................................... 11.00 | | 11.00 |
| 2 | 1 doz. shirts ....................................... 11.00 | | 11.00 |
| 3 | 1 doz. shirts....................................... 11.00 | | 11.00 |
| | | Total | $108.00 |

Shipped via N. & W. Ry. Co.

The plaintiff rested, and the defendant was introduced as a witness, who testified as follows:

"I remember the occasion when Mr. Taylor, the agent of the N. & W. Overall Company, sold me this bill of goods. The prices agreed upon at that time were $15 a dozen for the overalls and $10 a dozen for the shirts. The agent gave me a duplicate of the order at the time. The paper I have in my hand is the duplicate order given me. (Order introduced, which is in exact words and figures as the order introduced by plaintiff, except the price of the shirts was $10 a dozen instead of $11.)

"The salesman came to my store and sold me the goods; had samples with him. I received a bill for the goods three or four weeks after the salesman was here, and the shirts had been billed at $11 a dozen instead of $10. The N. & W. Overall Company wrote me and asked me to put in a claim for them with the Seaboard Air Line Railway Company, and I sent that bill with the claim. On the bill the shirts were billed at $11 a dozen instead of $10, and when I was notified that the goods were at the depot I went to the depot and refused to accept the goods, because they were billed at $11. I never did accept the goods, and they were afterwards burned in the fire at the depot."

Several letters passed between the parties, and the letter of 3 May, 1922, was sent to plaintiff by defendant, which is as follows:

P. C. HOLMES,

Dealer in General Merchandise, Gas, Oils and Greases.

Louisburg, N. C., May 3, 1922.
R. F. D. 2.

N. & W. OVERALL CO.

DEAR SIR:—The shipment of goods on December 7th refused; did not come up to sample, and I refused on the 8th day of December, and notified you at once, and you elected to allow same to remain on hand over thirty days before fire. I had nothing more to do with them after I refused them, and you trusted to the railroad company to let them remain. They refused to pay the claim.

Yours truly,
P. C. HOLMES.

Defendant further testified: "I think it was on 8 December I was notified that the goods were in the depot. I think it was Mr. Hale, an employee at the depot, that I notified I would not accept the goods. I told him I refused the goods on account of the price being too high. The goods were left at the depot. I never put in any claim with the railroad company until requested to do so by the N. & W. Overall Company. I know that the Overall Company did put in claim before they asked me to put in a claim. I received a letter from the railroad company to that effect after I put in claim at the request of the N. & W. Overall Company. The carbon copy of the order, which I have here, is the one given me by the salesman. I did not make any changes in the order after it was given to me. I just stuck the order on the file, and did not think any more about it until this came up. If it was changed, it was changed by the agent before he gave it to me."

On cross-examination, the defendant said, in part: "When the original order was written, there was a sheet of carbon paper put between, and the carbon copy of order was given to me. There was no question about the first item on the bill, but the shirts should have been $10 instead of $11. I do not think, from the back of the carbon copy, that it was originally $11 and changed to $10. It is not my handwriting on the bottom of the original order. I refused the shipment because the price was made me in the order of $10 a dozen, and the account rendered at $11."

He stated that in his letter of 3 May he meant "price" instead of "sample." It was a mistake if he said goods did not come up to "sample"; he meant "price."

The Seaboard Air Line Company's report of refused and unclaimed freight shows the goods were shipped 30 November, 1921; arrived at

Louisburg 7 December, 1921; defendant was notified 8 December, 1921, and on the same day refused shipment; note made: "Refused; consignee says price too high." The goods were burned in the depot about thirty days after their arrival at Louisburg.

The following issue was submitted to the jury:

"In what sum is the defendant indebted to the plaintiff?"

The court below charged the jury as follows: "One issue is submitted to you, and that is: in what sum is the defendant indebted to the plaintiff? And if you find the facts to be, by the greater weight of the evidence, as testified to by the witness, I instruct you that you will answer the issue $108, with interest from 8 December, 1922."

The jury returned a verdict for $108, with interest from 8 December, 1922.

The defendant excepted and appealed to this Court, and assigned as error the charge as given by the court.

*William H. and Thomas W. Ruffin for plaintiff.*
*William Y. Bickett and W. H. Yarborough for defendant.*

CLARKSON, J. The controversy between the parties, as shown by the record, is that the salesman of the plaintiff N. & W. Overall Company, of Lynchburg, Va., claimed he sold the defendant P. C. Holmes, of Louisburg, N. C., a lot of overalls and shirts. The defendant was to pay plaintiff $15 a dozen for the overalls, and claimed he was to pay $10 a dozen for the shirts. It was an entire transaction—one order. The salesman made two copies of the order and turned one over to the defendant, *showing the shirts were to cost $10 per dozen.* The plaintiff shipped the overalls and shirts from Lynchburg, Va., to the defendant at Louisburg, N. C., and mailed the bill to the defendant. The bill, or invoice, sent to the defendant *showed the shirts to be $11 instead of $10 a dozen.* The defendant immediately refused to accept the shipment, and notified both the railroad and the plaintiff, the shipment being refused on account of the price being too high. About thirty days after the arrival of the goods they were burned in the railroad depot at Louisburg.

A contract is "an agreement, upon sufficient consideration, to do or not to do a particular thing." 2 Blackstone Com., p. 442. There is no contract unless the parties assent to the same thing in the same sense. A contract is the agreement of two minds—the coming together of two minds on a thing done or to be done. "A contract, express or implied, executed or executory, results from the concurrence of minds of two or more persons, and its legal consequences are not dependent upon the impressions or understandings of one alone of the parties to it. It is

not what either thinks, but what both agree." *Prince v. McRae,* 84 N. C., 674, citing *Brunhild v. Freeman,* 77 N. C., 128, and *Pendleton v. Jones,* 82 N. C., 249. See, also, *Bailey v. Rutjes,* 86 N. C., 517; *Lumber Co. v. Lumber Co.,* 137 N. C., 431; *Knitting Mills v. Guaranty Co.,* 137 N. C., 565; *Mfg. Co. v. Assurance Co.,* 161 N. C., 96. This is our interpretation of the definition of a contract.

The plaintiff contends that its salesman, who had the authority to act for it, agreed to sell defendant a lot of shirts at $11 a dozen. The defendant contends that the salesman agreed to sell the shirts at $10 a dozen. There is a conflict between the parties. This is an issue of fact for a jury to determine, upon proper instructions from the court as to the law applicable to the facts. The issue submitted on the former trial is proper—that is, "In what sum is defendant indebted to the plaintiff?" On the hearing, the court below should give the contentions of the parties, and state the law as it applies to the facts in this case. If the jury should find the facts to be, by the greater weight of the evidence, as testified to by plaintiff's witnesses—that the contract for the shirts was $11 a dozen, and the contract for the overalls and shirts was an entire contract, and so made and intended, and the overalls and shirts shipped together—then the answer to the issue should be the price at which the goods were sold; but if the jury should find the facts to be that the salesman of plaintiff offered to sell the shirts to the defendant at $10 a dozen, which defendant agreed to pay, and without the knowledge or consent of the defendant sent the alleged order to the plaintiff (with the order for the overalls), stating the price of the shirts to be $11 a dozen, and the plaintiff accepted the order on these terms, there was no "agreement of two minds," and there was no contract between the parties, and their answer to the issue would be "Nothing." "If the offer is stated in such terms that the offeree understands one price, while the offerer means another, the parties are never *ad idem,* and there is no agreement." 35 C. L. P., p. 62 (IV.)

In this jurisdiction, as was the rule at common law, it is the province of the jury to determine the facts, and that of the trial court to state the law; and where the testimony is conflicting, as it is here, the case presented is one for the jury. *Russell v. R. R.,* 118 N. C., 1098; *Woodland & Co. v. Southgate Packing Co., ante,* 116.

For the reasons given, a new trial is granted.

New trial.