BOARD OF EDUCATION OF WATAUGA COUNTY; J. B. HORTON, WILL
C. WALKER, CHAPEL WILSON, CLYDE PERRY AND CHARLIE TRIP-
LETT, BEING AND CONSTITUTING THE BOARD OF EDUCATION OF
WATAUGA COUNTY; WATAUGA COUNTY; ELLER McNEILL, CHAIR-
MAN; COY BILLINGS AND IRA EDMISTEN, BEING AND CONSTITUTING
THE BOARD OF COUNTY COMMISSIONERS OF WATAUGA COUNTY,
v. THE STATE BOARD OF EDUCATION.

(Filed 2 February, 1940.)

1. **Taxation § 3b—Held: Debt was contracted during fiscal year following
   that in which debt was reduced, even though certificate of Secretary of
   Local Government Commission was not executed therein.**

   A county board of education made an application for a loan from the
   State Literary Fund, which application was approved by the State Board
   of Education, the Attorney-General, and the Local Government Commis-
   sion, the county having reduced its debt during the prior fiscal year in an
   amount sufficient to justify the proposed loan under the provision of
   Article V, section 4, of the Constitution of North Carolina as amended.
   The State Board mailed notes for the proposed loan to the county board
   of education which executed same and mailed them back to the State
   Board of Education, and the State Board received same on the last day
   of the fiscal year. The Local Government Commission refused approval
   of the loan because the notes were not submitted to it for the certificate
   of its Secretary until after the expiration of the fiscal year, the reduction
   in indebtedness of the county being sufficient to justify the loan only
   during the fiscal year in which the application was made. *Held:* Although
   the certificate of the Secretary of the Local Government Commission is
   necessary to the validity of the notes, it is a detail which is not required
   by the statute to be performed within any time limit, and the county
   having accepted the offer to lend prior to the expiration of the fiscal year
   during which the increase in indebtedness was permissible under Article
   V, section 4, of the Constitution of North Carolina as amended, the debt
   is valid and constitutional.

2. **Contracts § 4—**

   Ordinarily, the offeree may accept or reject an offer by mail when the
   offer is transmitted by mail, and upon valid acceptance the contract is
   mutually binding.

APPEAL by defendant from *Frizzelle, J.,* at September Term, 1939,
of WAKE. Affirmed.

Submission of controversy without action. N. C. Code, 1935 (Michie),
sec. 626. Statement of facts:

The Board of Education and Board of County Commissioners of
Watauga County, on 5 June, 1939, by appropriate resolution, author-
ized an application to be made to the State Board of Education for a
loan of $25,000 from the State Literary Fund, to be used for the con-
struction of a new school building in Watauga County. On 12 June,

1939, the application for the loan was filed with the State Board of Education; was approved by the Local Government Commission on 20 June, 1939, and by the Attorney-General of North Carolina and the State Board of Education on 21 June, 1939.

On 22 June, 1939, the notes covering the proposed amount of the loan, in the principal amount of $25,000, were sent by the State Board of Education to the Board of Education of Watauga County and were duly executed by the chairman and secretary of said Board of Education of Watauga County on 27 June, 1939. The notes were thereafter dispatched by U. S. Mail to the office of the State Board of Education, in Raleigh, where they were received on 30 June, 1939, at 10:30 p.m.

On 1 July, 1939, these notes were transmitted to the Local Government Commission for approval and deposit with the State Treasurer, and on 24 August, 1939, Mr. W. E. Easterling, secretary of the Local Government Commission, advised the State Board of Education that the approval of the notes was being denied, for the following reason: "Our construction of Article V, section 4, of the Constitution, as amended, is that the debt evidenced by these notes is not contracted until they are actually executed in full and turned over to the State Treasurer, and the proceeds remitted to the county, or at least set aside to the credit of the county."

On the basis of the advice from the secretary of the Local Government Commission, the State Board of Education refused to complete the loan.

The county of Watauga reduced its debt during the fiscal year beginning 1 July, 1937, and ending 30 June, 1938, in the amount of $38,266.75, which amount of reduction would be sufficient to warrant the creation of a new debt of Watauga County in the amount of $25,000. Watauga County did not reduce its debt during the fiscal year ending 30 June, 1939, sufficiently to warrant the creation of a new debt of $25,000.

The judgment of the court below is as follows: "This cause coming on to be heard before his Honor, J. Paul Frizzelle, judge presiding, at the September Civil Term, 1939, of Wake County Superior Court, upon the controversy without action heretofore filed in the Superior Court of Wake County in the above entitled cause, and it appearing to the court from the case agreed upon, filed in this cause, that the Board of Education of Watauga County and Watauga County contracted the $25,000 debt in controversy during the fiscal year ending June 30, 1939, and that said indebtedness of $25,000 is within the limitation prescribed by Article V, section 4, of the Constitution of the State of North Carolina: It is, therefore, ordered and adjudged by the court that the $25,000 debt in controversy is a valid and existing debt of the Board of Education of

Watauga County and Watauga County, and that said debt was contracted and created during the fiscal year ending June 30, 1939, and that said debt is within the limitation prescribed by Article V, section 4, of the Constitution of the State of North Carolina; it is further ordered and adjudged by the court that the State Board of Education is authorized, directed and empowered to make available to the Board of Education of Watauga County from the State Literary Fund the amount of the loan in accordance with the approval of the creation of said indebtedness heretofore given by the said State Board of Education. J. Paul Frizzelle, Judge Presiding."

To the signing of the foregoing judgment, the State Board of Education, defendant, excepted, assigned error and appealed to the Supreme Court.

*Wade E. Brown for Board of Education of Watauga County, plaintiff.*
*Attorney-General McMullan and Assistant Attorney-General Patton for the State.*

CLARKSON, J. The question involved: Did Watauga County contract a debt of $25,000 within the meaning of Article V, section 4, of the Constitution of the State of North Carolina during the fiscal year ending 30 June, 1939? We think so, under the facts and circumstances of this case.

An interpretation of certain sections of law will decide the issue involved. One question is from the N. C. Constitution, Art. V, sec. 4, as amended. This section, in part, is as follows: "And counties and municipalities shall not contract debts during any fiscal year, to an amount exceeding two-thirds of the amount by which the outstanding indebtedness of the particular county or municipality shall have been reduced during the next preceding fiscal year, unless the subject be submitted to a vote of the people of the particular county or municipality."

N. C. Code, 1935 (Michie), sec. 5683, provides: "Loans by State Board from State Literary Fund. The State Board of Education under such rules and regulations as it may deem advisable, not inconsistent with the provisions of this article, may make loans from the State Literary Fund to the county board of education of any county for the building and improving of public schoolhouses or dormitories for rural high schools and teacherages and buildings for county farm-life schools in such county; but no warrant for the expenditure of money for such purposes shall be issued by the auditor except upon the order of the State Superintendent of Public Instruction, with the approval of the State Board of Education."

Section 5684 provides: "Terms of Loans. Loans made under the provisions of this article shall be payable in ten installments, shall bear interest at four per centum, payable annually, and shall be evidenced by the note of the county board of education, executed by the chairman and secretary thereof, and deposited with the State Treasurer. The first installment of such loan, together with the interest on the whole amount then due, shall be paid by the county board of education on the 10th day of February, after the 10th day of August subsequent to the making of such loan and the remaining installments, together with the interest, shall be paid, one each year, on the 10th day of February of each subsequent year till all shall have been paid."

Section 2492 (20) provides: "Obligations of units must be certified by Commission. No bonds or notes or other obligations of any unit hereafter issued shall be valid unless on the face or reverse thereof there be a certificate signed by the secretary of the Commission or an assistant designated by him either (a) that the issuance of the same has been approved, under the provisions of the Local Government Act, or (b) that the bond or note is not required by law to be approved by the Commission. Such certificate shall be conclusive evidence that the requirements of this act as to approval by the Commission, advertisement and sale have been observed, and shall also be conclusive evidence that the requirements of sections 2492 (21) and 2492 (22) have been complied with."

If the debt was contracted during the fiscal year ending 30 June, 1939, the loan would come under Art. V, sec. 4, of the N. C. Constitution, *supra,* and would be a valid contract. The contention of defendant relates to detail which was not a condition precedent to be effective during the fiscal year.

In *Belk's Department Store v. Ins. Co.,* 208 N. C., 267 (270), speaking to the subject as to what constitutes a contract, it is said: "In *Overall Co. v. Holmes,* 186 N. C., 428 (431-2), a contract, citing numerous authorities, is defined as follows: 'A contract is "an agreement, upon sufficient consideration, to do or not to do a particular thing." 2 Blackstone Com., p. 442. There is no contract unless the parties assent to the same thing in the same sense. A contract is the agreement of two minds —the coming together of two minds on a thing done or to be done. "A contract, express or implied, executed or executory, results from the concurrence of minds of two or more persons, and its legal consequences are not dependent upon the impressions or understandings of one alone of the parties to it. It is not what either thinks, but what both agree."' *Jernigan v. Ins. Co.,* 202 N. C., 677 (679)."

In *Shubert Theatrical Co. v. Rath,* 271 Fed., 827 (834), we find: "Authorization to communicate acceptance by mail is implied  . . .

where the post is used to make the offer and says nothing as to how the answer is to be sent."

In *Rucker v. Sanders,* 182 N. C., 607 (608), we find: "The offer to sell . . . was made by mail, which carried with it an implied invitation, nothing else appearing, to accept or reject the offer in like manner, that is by mail." *Patrick v. Bowman,* 149 U. S., 411; 6 R. C. L., 611; *Farmers' Produce Co. v. McAlester Storage Co.,* 48 Okl., 488; *Shaw v. Ingram-Day Lumber Co.,* 152 Ky., 329.

In *Durant v. Powell,* 215 N. C., 628 (633), it is said: " 'An offer may invite an acceptance to be made by merely an affirmative answer, or by performing or refraining from performing a specified act, or may contain a choice of terms from which the offeree is given the power to make a selection in his acceptance.' Restatement of Law-Contracts, Amer. Law Inst., Vol. 1, sec. 29."

In *Rucker v. Sanders, supra,* at p. 609, it is said: "And if the contract be binding as to one of the parties, it is binding as to both. The defendant's offer was accepted absolutely, without condition, and this resulted in an executory contract, with mutuality of obligation and remedy. *Howell v. Pate,* 181 N. C., 117, and cases there cited."

In *Sides v. Tidwell,* 216 N. C., 480 (483), is the following: "In the making of a contract it is essential that the parties assent to the same thing in the same sense, and their minds must meet as to all the terms," citing many authorities.

In N. C. Code, sec. 2492 (20), *supra,* it will be noted that this section makes no mention of the time element such as is contemplated by Article V, section 4, as amended, of the Constitution. The intention of the Legislature seems to be clearly set out in the last sentence of said section, in that the secretary of the Local Government Commission certify by signature, to the effect that such bonds or notes were in proper order. His approval of the bond issue was made before the bonds were ever executed. This certificate by signature was clearly not meant to be a part of the contract itself, and therefore would not be required to be signed during the fiscal year as set out by the Constitution. It is not denied that approval of the secretary of Local Government Commission is made a necessity, but the statute does not say this approval is to be made within the fiscal year as required by the Constitution, Art. V, sec. 4. That statute law requiring certain things to be done is made a part of the contract is true, but in some cases we still find that the above section does not set down the requirement that the approval of the secretary of the Local Government Commission is a condition precedent to the contracting of the debt as set out in the Constitution. We think the contract was made during the fiscal year beginning 1 July, 1938, and ending 30 June, 1939. There was no condition precedent that the

approval of the secretary of the Local Government [Commission] should be made during the fiscal year above set forth. The loan was approved by the defendant, State Board of Education, on 21 June, 1939, during the fiscal year in which the money could be borrowed under the Constitution, Art. V, sec. 4. The detail complained of could be completed after 30 June, 1939, but the contract was executed, and a binding one, when received by defendant on 30 June, 1939.

The department of the Attorney-General is watchful and efficient and was correct in seeing that the State loaned no money on an invalid obligation.

We think the judgment of the court below should be
Affirmed.