**CHAS. R. SHEPHERD, INC., Plaintiff,**

v.

**CLEMENT BROTHERS COMPANY, Inc., Defendant.**

Civ. No. 379.

United States District Court
W. D. North Carolina,
Statesville Division.

Oct. 2, 1959.

Linn & Linn, Salisbury, N. C., Troutman, Sams, Schroder & Lockerman, Atlanta, Ga., for plaintiff.

Clarence Klutz, Lewis P. Hamlin, Jr., Salisbury, N. C., for defendant.

WARLICK, District Judge.

This is a civil action instituted by plaintiff to recover from the defendant the sum of $137,807.06, which plaintiff alleges is due on account of the breach by the defendant, of an oral contract entered into between the parties, on the 7th day of October, 1954.

Plaintiff is a Georgia corporation. Defendant is incorporated under the laws of North Carolina. Both are engaged in doing general contract work, principally relating to road construction.

Plaintiff alleges in its complaint that the Highway Department of the State of Georgia, prior to the time of the oral agreement between the parties hereto, was seeking bids on a road project of approximately eight miles in length near the City of Atlanta; that it was interested in submitting a bid and seeking a contract thereby for said construction. That defendant quoted plaintiff prices for crushed rock for use by plaintiff in constructing a base and paving such highway; that such quotations were incorporated into the bids submitted by plaintiff to the Georgia Highway Department. That the contract was finally awarded to plaintiff as low bidder in January, 1955; that defendant refused to fulfill the contract to crush the stone and otherwise fully comply with the terms of the agreement; and accordingly compelled plaintiff to purchase the needed crushed stone from another source. That plaintiff was required to and did expend the sum of $325,170.73 in order to obtain the crushed rock that was to have been furnished by defendant under its oral contract with the plaintiff, of October 7, 1954; it alleging further that this stone should have been furnished to plaintiff for the sum of $187,363.67, had the defendant not breached the contract,—which compelled plaintiff to expend the sum sought herein in order to comply with and fulfill its contract with the Georgia Highway Department for the construction of said roadway.

The defendant answering, denies entering into any such contract with the plaintiff as is alleged, or that it is obligated in any wise to plaintiff for the sum sought or any part thereof. The defendant admits that Clarence Clement, its president, and Plato Reese, president of Reese Construction Company, had preliminary talks with plaintiff but alleges that such discussions never materialized to the extent that any binding contract was entered into between the parties.

That it quoted prices for coarse aggregate material and stone screenings, but that the entire conversation at most only contemplated a final execution of a valid written agreement and the giving of a bond for faithful performance.

As a further defense the defendant pleads the North Carolina General Statutes, Sec. 1–52, which requires that an action upon an oral contract shall be brought within three years, and further interposes an additional defense,—that the contract, if made, was void in that under the laws of the State of Georgia an alleged oral contract not to be performed within one year from the making thereof, must be in writing. Code of Georgia, § 20–401, (3222).

For convenience and by agreement of counsel the cause was transferred from the Statesville to the Asheville Division and was heard during the July-August 1959 term of this court.

A jury trial having been waived, the trial was had by the court without a jury as the Rules prescribe. Rule 39(b), 28 U.S.C.A.

Plaintiff's cause of action was filed on July 8, 1958. Jurisdiction is laid under a diversity of citizenship and the amount sought as a recovery. 28 U.S.C. § 1332.

There is a sharp difference in the evidence of the plaintiff and that of the defendant,—so much so in fact that it is very difficult to reconcile the testimony of the parties and the witnesses. However at the trial it was stipulated by the parties that the evidence would be confined, as nearly as possible, to the only question,—whether there was a contract.

It being stipulated further that if the court should decide that there was a valid and enforceable contract between the parties, evidence as to the damages, if any, the plaintiff had sustained, would be determined at a subsequent hearing under the direction of the court.

From a careful study of the evidence the following facts are found, as Rule 52 requires:

Sometime during the latter part of September, 1954, Chas. R. Shepherd, plaintiff's President, and General Manager, met with Clarence Clement, President of the defendant, and largely its directing head, and discussed with him plaintiff's desire to bid on a proposed letting by the Georgia Highway Department on a project known as FI–013–1, in the counties of DeKalb and Gwinnett, Georgia, and visited said proposed roadway site and inspected a nearby site from which it was hoped to quarry stone for said project. Later and on October 7, Shepherd again met with Clement and Plato Reese, a citizen of North Carolina, in plaintiff's offices near Atlanta. Others were present. As this time plaintiff was getting together materials for his proposed bid and was engaged in incorporating them into the bid blanks that were to be submitted to the Georgia Highway Department on the following day. Prior to that time Reese had made soundings, tests, and checks of the nearby quarry site and had gone over the proposed project with some care. That at such meeting plaintiff was quoted prices of $1.30 per ton for coarse aggregates and $1.10 per ton for stone screenings. These prices were used by plaintiff and incorporated into its bid submitted to the Highway Department.

During the several meetings of Clement, Shepherd and Reese prior to the submission of plaintiff's bid, some of the discussions related to the large amount of rock to be removed from the right of way and that such rock, if it met the required standards of the Highway Commission, could be crushed and used in the roadway. That this rock to be removed from the roadway was approxi-

mately two miles from the proposed quarry site and where obviously the crusher would be located, and that such rock in the roadway was estimated to be more than one half of the total requirements of the project.

The contract for the construction of the roadway was awarded to plaintiff in January, 1955, and shortly thereafter it contacted Clement, making known to him that said contract had been awarded plaintiff and that a written contract should be entered into, and a bond for faithful performance executed and delivered, all as would be necessary to meet the requirements of the law of Georgia.

During some of the talks Clement informed Shepherd that his company was not particularly interested in doing the work of rock crushing but that Reese Construction Company, having about completed all of its contracts, would be interested in this work. That Reese was well qualified to do such work. That he owned one third of the stock in Reese Construction Company, was one of its officers, and that both Reese and Clement had their places of business in Lenoir in Caldwell County, North Carolina, and used the same or adjoining offices for the transaction of their affairs.

The Court further finds that Reese was not connected with Clement Brothers Company, was not employed by it, and that his presence on the project, the tests, that he ran, and the investigations that he made were all done by him with the idea in mind of bidding on the rock crushing to be done for plaintiff.

On the contract being awarded plaintiff and at its request, Reese Construction Company, on January 28, 1955, notified plaintiff by telegram, through its bonding company, that a bond in the sum of $150,000 would be approved and executed by such company, subject to receipt of copy of properly executed contract. Seemingly the matter rested there until sometime in April, 1955, Reese Construction Company was forwarded a contract by plaintiff for its execution, but refused to enter into said contract in that it did not embrace the terms which had otherwise been orally agreed to. Thereafter Reese forwarded to plaintiff a contract which it contended embraced the agreements in the oral contract of October 1954. Subsequently plaintiff forwarded to the defendant a written contract similar to that previously forwarded Reese, but with certain material changes made, but which was found unacceptable to the defendant and was not executed.

Pending these negotiations between plaintiff, Reese and the defendant, certain machinery belonging to Clement Brothers Company as evidenced by the signs on the various machines, and machinery evidently belonging to Reese Construction Company, as shown by the signs painted thereon, was moved to the quarry site recently purchased by plaintiff, along side the proposed roadway. Some excavations were made and then it would appear that all negotiations were broken off and the machinery was removed from the site by its owners.

Thereupon plaintiff, on the 30th day of June, 1956, entered into a contract with Stockridge Stone Company, an Alabama corporation and through that company secured the stone necessary to complete the project involved in plaintiff's contract with the Georgia Highway Commission. After plaintiff fully complied with its contract the Georgia Highway Commission accepted the work on July 19, 1958. Following completion of the highway, but before its final acceptance and on July 8, 1958, plaintiff instituted this action to recover the amount plaintiff claims was the difference between the amount it was compelled to expend and that which it would have paid the defendant had it complied with the terms of the oral contract.

■■ This is another case where it seems too many paid too little attention to the matters at hand and then finding themselves in a dispute are compelled to seek another to unravel their affairs.

"A contract is 'an agreement, upon sufficient consideration, to do or not to do a particular thing.' 2 Blackstone Com., p. 442. There is

no contract unless the parties assent to the same thing in the same sense. A contract is the agreement of two minds—the coming together of two minds on a thing done or to be done. 'A contract, express or implied, executed or executory, results from the concurrence of minds of two or more persons, and its legal consequences are not dependent upon the impressions or understandings of one alone of the parties to it. It is not what either thinks, but what both agree.' Prince v. McRae, 84 N.C. 674, citing Brunhild v. Freeman, 77 N.C. 128, and Pendleton v. Jones, 82 N.C. 249. See, also, Bailey v. Rutjes, 86 N.C. 517; Lumber Co. v. Elizabeth City Lumber Co., 137 N.C. 431, 49 S.E. 946; Knitting Mills v. United States Fidelity & Guaranty Co., 137 N.C. 565, 50 S.E. 304, 70 L.R.A. 167; Roberta Mfg. Co. v. Royal Exch. Assurance Co., 161 N.C. [88] 96, 76 S.E. 865." Overall Co. v. Holmes, 186 N.C. 428, 430, 119 S.E. 817, 818.

In Wells v. H. W. Lay & Company, Inc., 1948, 78 Ga.App. 364, 50 S.E.2d 755, 758, the court holds:

"If there was in fact any essential part of the contract upon which the minds of the parties had not met, or upon which there was not an agreement, even though the negotiations evidenced a complete willingness, or even an announced determination, to agree in the future upon such issues as might subsequently arise, it must still follow that a valid and binding contract was not made as of the earlier date. National Bank of Kentucky v. Louisville Trust Company, 6 Cir., 67 F.2d 97, 102.

A careful study of the evidence offered in this three day trial would unhestitatingly point to the fact that a binding contract was never agreed upon by the parties to this action in that their minds never met upon the terms and conditions involved in this purported contract. Accordingly I conclude that plaintiff is not entitled to have and recover any sum whatsoever from defendant.

This makes unnecessary a determination on the part of the court of the plea of the Statute of Frauds or that of the Statute of Limitations as set out in the answer of the defendant.

Counsel will submit decree.